UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN MITTASCH,

      Plaintiff,

v.                              CASE NO.: 8:14-cv-451-T-23MAP

MANATEE COUNTY, et al.,

      Defendants.

_____/

## <u>ORDER</u>

The plaintiff submits an "Emergency Motion for Order Prohibiting the Killing of Dogs." (Doc. 3)  The motion fails to comply with Local Rules 4.05(b) and 4.06(b)(1).

Also, the complaint is a shotgun pleading because the complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  In the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997).  "When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative,

and force the plaintiff to replead . . . ." *Osgood v. Disc. Auto Parts, LLC*, 2013 WL 6085223 (M.D. Fla. Nov. 19, 2013).[*]

Finally, the complaint "appears to allege that the [defendants] infringed [the plaintiff's] constitutional rights.  However, the rambling supporting allegations leave this claim undefined and unclear." *Krieger v. Town of Longboat Key*, 2010 WL 5439752 (M.D. Fla. Dec. 28, 2010).  To the extent that the plaintiff asserts a procedural due process claim, the claim appears to fail because an adequate and available procedural remedy exists under the law of Florida.  *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994) ("[E]ven if McKinney suffered a procedural deprivation at the hands of a biased Board at his termination hearing, he has not suffered a violation of his procedural due process rights unless and until the State of Florida refuses to make available a means to remedy the deprivation."); *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) ("It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim."); *Autery v. Davis*, 355 Fed. App'x 253, 255 (11th Cir. 2009) ("In this circuit, state-court review of employment termination decisions qualifies as an adequate post-deprivation

---

[*] Also, the complaint fails to satisfy Rule 8, Federal Rules of Civil Procedure, because the complaint "lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct." *Lane v. Capital Acquisitions and Management Co.*, 2006 WL 4590705, at *5 (S.D. Fla. 2006) (internal quotation marks omitted). "Dismissal is an appropriate remedy for a violation of Rule 8." *Pro Image Installers, Inc. v. Dillon*, 2009 WL 112953 (N.D. Fla. Jan. 15, 2009).

remedy."); *see also Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty.*, 202 F.3d 1297, 1300 (11th Cir. 2000) (Carnes, J.) ("The *McKinney* rule is not micro in its focus, but macro. It does not look to the actual involvement of state courts or whether they were asked to provide a remedy in the specific case now before the federal court.  Instead, the *McKinney* rule looks to the existence of an opportunity – to whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered.  If state courts would, then there is no federal procedural due process violation regardless of whether the plaintiff has taken advantage of the state remedy or attempted to do so.").

The plaintiff's motion (Doc. 3) is **DENIED**.  Because the complaint is a shotgun pleading, the complaint is **STRICKEN**.

ORDERED in Tampa, Florida, on February 25, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE